```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ELODIE ZIIFLE                                    CIVIL ACTION

VERSUS                                           NO: 08-1104

CHRISTOPHER PICKETT, ET AL.                      SECTION: R

## ORDER

Before the Court is plaintiff's Motion to Remand.  For the following reasons, the Court DENIES the motion.

### I.  Background

on January 26, 2007, plaintiff Elodie Ziifle, a citizen of Louisiana, suffered injuries in a six-car accident on Louisiana Highway 23.  Her car was the fifth in a line of cars, all of which collided after a sixth car struck plaintiff's car from behind.  Plaintiff commenced an action in Louisiana state court on February 22, 2008, naming as defendants: Christopher Pickett, the driver who struck her from behind; Pickett's insurance carrier; Pickett's employer; plaintiff's uninsured/underinsured motorist insurance carrier; and the drivers of the four other cars involved in the accident.

Defendants timely removed the case to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332.  Although defendants recognized in their Notice of Removal that plaintiff

-1-

and Gilbert Andry, one of the driver-defendants, are both citizens of Louisiana, they claimed that Andry was improperly joined and that the requirements for removal were therefore satisfied. On March 18, 2008, plaintiff timely filed a motion to remand the case to state court, alleging that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. On September 17, 2008, after plaintiff's counsel failed to appear before the Court, the Court dismissed plaintiff's claims against Andry and the other fronting motorists for failure to prosecute. (*See* R. Doc. 14.)

**II.  Legal Standards**

**A.   Remand**

28 U.S.C. § 1447 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the statutory language suggests, remand for want of subject matter jurisdiction is generally mandatory. *See Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

In some circumstances, however, the jurisdictional defect can be cured and remand becomes unnecessary. If, for example, the district court dismisses all nondiverse defendants so that the requirements of 28 U.S.C. § 1332 are satisfied, remand for want of jurisdiction is no longer necessary. *See Grupo Dataflux*

*v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (recognizing that "dismissal of the party that had destroyed diversity" has "long been an exception" to the general rule that subject matter jurisdiction is determined as of the time the action is filed).

**B.   Diversity Jurisdiction**

28 U.S.C. § 1332 grants the district courts original jurisdiction over any action between "citizens of different States," provided the amount in controversy is greater than $75,000.  28 U.S.C. § 1332.  The courts have long held that there must be complete diversity between the plaintiffs and defendants in order for jurisdiction to lie under this provision; in other words, no plaintiff and no defendant may be citizens of the same state.  *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993).

**III. Discussion**

Plaintiff argues that the case should be remanded for want of subject matter jurisdiction because she and defendant Gilbert Andry are residents of the same state.  Andry, however, is no longer a defendant because the Court dismissed plaintiff's claims against him for failure to prosecute.  (*See* R. Doc. 14.)

Plaintiff has not alleged that any of the remaining defendants are citizens of Louisiana.  (*See* R. Doc. 4-3 at 2-3.)

Subject matter jurisdiction typically "depends upon the state of things at the time the action is brought."  *Grupo Dataflux*, 541 U.S. at 571 (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)).  As the Supreme Court recognized in *Grupo Dataflux*, however, there is an "established exception" to the time-of-filing rule: a lack of complete diversity may be "cured by dismissal of the party that had destroyed diversity."  *Id*. at 572-73.  Because the only nondiverse party in this case was dismissed, the Court has subject matter jurisdiction pursuant to the rule described in *Grupo Dataflux*.  The Court therefore declines to remand the action to state court.

### IV. Conclusion

For the foregoing reasons, the Court DENIES plaintiff's Motion to Remand.

New Orleans, Louisiana, this  7th  day of October, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE